UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY MONCHESKI** ) | **CIVIL ACTION NO. 13-6388** |
| ) | |
| **VERSUS** ) | **SECTION "H"** |
| ) | **JUDGE JANE TRICHE MILAZZO** |
| **RCI ENTERTAINMENT OF** ) | |
| **LOUISIANA, INC., ET AL.** ) | **MAG. DIV. (2)** |
| ) | **JUDGE JOSEPH C. WILKINSON, JR.** |

**MEMORANDUM BY RCI ENTERTAINMENT OF LOUISIANA, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S.C. § 216(B)**

**MAY IT PLEASE THE COURT:**

Without factual or legal support, Plaintiff filed a motion to conditionally certify a collective action. (R. Doc. 10). For the reasons stated herein, Plaintiff's Motion should be denied.

**I.   BACKGROUND**

On November 11, 2013, Plaintiff Kelly Moncheski filed a Collective Action Complaint, on behalf of herself and a putative group of exotic dancers who worked at Rick's Cabaret, a gentleman's club located in New Orleans, Louisiana, alleging violations of the Fair Labor Standards Act ("FLSA"). (R. Doc. 1). Specifically, Plaintiff alleges that defendants improperly classified the exotic dancers at Rick's Cabaret as independent contractors; despite the dancers' repeated written acknowledgements that they are independent contractors, Plaintiff nonetheless believes that she and others were employees of Rick's Cabaret. Defendant RCI Entertainment of Louisiana, Inc. ("RCI" or "Defendant") filed an Answer to Plaintiff's Complaint, raising

PD.10902362.1

numerous affirmative defenses and directly denying the allegations in the Complaint. (R. Doc. 9).

On January 7, 2014, Plaintiff filed the present Motion seeking conditional certification of the following proposed collective action class: "All individuals who are currently employed, or formerly have been employed by Defendants at Rick's Cabaret in New Orleans, Louisiana in the past three years as exotic dancers." (R. Doc. 10, p. 1). In her Motion, Plaintiff also seeks Court-approval of her proposed notice of the FLSA collective action and authorization to disseminate the notice. (R. Doc. 10-3). Finally, Plaintiff seeks an order requiring Defendant to produce the following information:

> A list, in electronic and importable format, of all persons employed by Defendants as exotic dancers who performed at Rick's between November 11, 2010 and present, who were classified as independent contractors, including their legal name, job title, address, telephone number, dates of employment, location of employment, date of birth, and Social Security number. (R. Doc. 10-1, p. 10).

Plaintiff's Motion is not supported by sufficient evidence or applicable law. In like fashion, Plaintiff's proposed notice is legally improper because it borders upon solicitation of clients, wrongly seeks to argue Plaintiff's contentions, and fails to provide any information on behalf of Defendant. Consequently, Plaintiff's Motion should be denied as established below.

**II.   STANDARD OF LAW**

Plaintiff moves for conditional certification of the proposed FLSA collective action class pursuant to 29 U.S.C. § 216(b). District courts in the Eastern District of Louisiana employ the "*Lusardi*" method for determining whether to conditionally certify a proposed FLSA class. *See Prejean v. O'Brien's Response Mgmt., Inc.*, 2013 WL 5960674, at *3-4 (E.D. La. Nov. 6, 2013); *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005); *Basco v. Wal-*

*Mart Stores, Inc.*, 2004 WL 1497709, at *3-4 (E.D. La. July 2, 2004). Under *Lusardi*, the plaintiff bears the burden of demonstrating that he or she is "similarly situated to the proposed class." *Basco*, 2004 WL 1497709, at *5; *accord, England*, 370 F.Supp.2d at 507. The jurisprudence has not set forth a definition of "similarly situated" for purposes of FLSA conditional certification. *Prejean*, 2013 WL 5960674, at *4. Generally, however, certification is inappropriate when plaintiff's claims are personal, in contrast to when the claims are related to a generally applicable policy or practice. *Id.* Indeed, courts have declined to issue certification when individualized inquiries are required to resolve the claims. *See McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 804 (S.D. Tex. 2010).

Another factor courts consider for conditional certification is whether a plaintiff has demonstrated that putative class members actually want to opt-in to the proposed class. *See id.* at 801. Evidence considered by courts during conditional certification includes the identification of putative class members, proof that a sizable number of putative class members wish to opt-in, and evidence of a widespread discriminatory policy or practice. *Basco*, 2004 WL 1497709, at *5 (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999)). Notably, these essential touchstones are absent from Plaintiff's Motion.

### III. CONDITIONAL CERTIFICATION OF THE PROPOSED COLLECTIVE ACTION SHOULD BE DENIED

#### A. Plaintiff's Motion for Conditional Certification is Premature Because Plaintiff Has Not "Commenced" the FLSA Collective Action

Although Plaintiff filed her Collective Action Complaint on November 11, 2013 (R. Doc. 1), because Plaintiff is the sole named-plaintiff in this case and Plaintiff has not submitted an opt-in consent form, the FLSA collective action claim is not yet commenced. Thus, at this time the FLSA proposed class cannot be subject to conditional certification.

Pursuant to 29 U.S.C. § 256, a FLSA collective action is not commenced until the occurrence of one of the following: (1) if the claimant is a named-plaintiff, the complaint is filed <u>and</u> written consent is filed on the same date in the court where the action was filed; or (2) written consent is filed in the court in which the action was commenced.  *Cancilla v. Ecolab, Inc.*, 2013 WL 1365939, at *2-3 (N.D. Cal. Apr. 3, 2013)(collecting authorities); *Moran v. Ceiling Fans Direct, Inc.*, 2008 WL 110429, at *2 (S.D. Tex. Jan. 8, 2008); *Quintanilla v. A&R Demolition, Inc.*, 2006 WL 1663739, at *1 (S.D. Tex. June 13, 2006); *Stewart v. Project Consulting Servs., Inc.*, 2001 WL 1000732, at *2 (E.D. La. Aug. 29, 2001); *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d 1129, 1133 (D. Nev. 1999).  To date, Plaintiff has not filed an opt-in consent form with the Court and did not file the requisite form when she filed her Complaint; nor has a single opt-in consent form been filed by any putative class member.[1]  Accordingly, the Plaintiff's effort to initiate a FLSA collective action has not commenced, and thus, cannot be subject to conditional certification as a matter of law.

### B. Putative Class Members Entered Into Arbitration Agreements with Defendant, Thereby Barring Conditional Certification

Because putative class members entered into arbitration agreements with RCI, their FLSA claims are subject to arbitration, which eliminates the need for conditional certification of an FLSA class, renders the putative class's FLSA claims procedurally dissimilar to Plaintiff's FLSA claims if her individual claim is not subject to arbitration, deprives this Court of subject matter jurisdiction, and requires individualized inquiry into the contracts of each putative class member with Defendant, all of which bars conditional certification.

---

[1] In addition, Plaintiff's own failure to file her opt-in consent form two months after filing suit undercuts her argument in her Memorandum in Support that the need for conditional certification is urgent because putative class members need to opt-in as soon as possible.  *See* (R. Doc. 10-1, p.5).

The Fifth Circuit has determined that pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § *et seq.*, an applicable arbitration clause renders FLSA claims subject to arbitration, even though arbitration deprives a plaintiff from proceeding collectively under the FLSA. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297-98 (5th Cir. 2004); *accord, Botello v. COI Telecom, LLC*, 2010 WL 5464824, at *11 (W.D. Tex. Dec. 30, 2010)("It would turn Fifth Circuit FAA case law on its head to allow an individual to proceed in court under a FLSA collective action theory when the individual FLSA claim would surely be subject to arbitration."). Further, the U.S. Supreme Court recently enforced an arbitration clause that expressly contains a waiver on proceeding collectively in both the court and in the arbitral forum. *See Am. Express Co. v. Italian Colors Rest.*, - - U.S. - -, 133 S.Ct. 2304, 2310 (2013). "Federal courts have even compelled arbitration, when a collective action was sought, for 'implied-in-fact' arbitration agreements where a written agreement could not be produced but it was the practice of the organization to have employees sign such an agreement." *Nesselrodte v. Underground Casino & Lounge, LLC*, 2012 WL 4378163, at *3 (N.D.W.Va. Sept. 25, 2010).

Pursuant to Defendant's general practice, for years putative class members have signed contracts with Defendant containing a detailed arbitration clause. *See* Exhibit A (Affidavit of Robert Watters from RCI). The arbitration clause that is being used by exotic dancers at Rick's Cabaret since Plaintiff ended her association with Defendant now reads as follows:

> The parties agree that this Agreement is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement will be governed and settled by an impartial independent appointed by the American Arbitration Association, in the branch closest to New Orleans, LA, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 15. The

arbitrator will have no authority to make any ruling, finding or ward that does not conform to the terms and conditions of this Agreement.  Each party shall bear its own costs in any arbitration.  The arbitration provision contained herein shall be self executing and shall remain in full force after expiration or termination of this Agreement.  In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear.  The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement.  To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of Section 15 in which event the provisions of this Section 15 shall control.

<u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY OR TO PURSUE ANY CLAIMS COLLECTIVELY OR AS A CLASS.</u>  ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION.  THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY.  THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW.  <u>THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA.</u>  FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR.  THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY AND ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

<u>LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION</u> AND IF AT ANY TIME

> ENTERTAINER IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT, ARBITRATOR OR ANY OTHER TRIBUNAL IN ANY OTHER PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF ENTERTAINER SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY. *Id.*

The Plaintiff's claims also are subject to direct or implied in fact arbitration, thereby requiring recourse to arbitration in lieu of litigation consistent with the FAA. RCI attaches a portion of Plaintiff's contractual documents as Exhibit B (Pl.'s Contract Documents).[2] At a minimum, RCI respectfully submits that the more orderly approach to respect Congress' enactment of the FAA is to resolve whether Plaintiff's individual claim is governed by an arbitration clause after the parties are allowed limited discovery. However, if the Court concludes that Plaintiff did not sign the contract with RCI containing these arbitration clauses, Plaintiff's FLSA claims are dissimilar to the FLSA claims of all putative class members who entered into arbitration agreements with RCI. Given that numerous putative class members entered into arbitration agreements and agreed that individual arbitration proceedings would serve as the means of resolving any disputes, the proposed collective action will provide no benefit, and indeed, is impermissible, in globally addressing and deciding the FLSA contentions. Further, in order to determine whether a putative class member's FLSA claim is subject to arbitration, individualized review of the contracts signed by each putative class member is required. All of the arbitration-related issues affecting the proposed class weigh against conditional certification at this juncture.

---

[2] Some of Plaintiffs' contractual documents have been redacted for the dual purpose of Plaintiff's privacy information and avoiding disclosure of proprietary/confidential information. RCI, of course, is prepared to provide unredacted documents for *in camera* review if the Court needs to examine the entirety of the documents.

### C. Plaintiff Fails to Set Forth Evidence Showing She is "Similarly Situated" to the Putative FLSA Class Members

Plaintiff bears the burden of demonstrating that she is similarly situated to the members of the class she seeks to have conditionally certified. Plaintiff, however, fails to set forth any evidence of similarity between herself and the putative class members.

"[A]llegations that 'simply state that [named-plaintiffs] believe other workers were discriminated against in similar ways ... do not satisfy the movants's Rule 216(b) burden.'" *Harris v. Fee Transp. Servs., Inc.,* 2006 WL 1994586, at *4 (N.D. Tex. May 15, 2006)(quoting *H&R Block*, 186 F.R.D. at 400); *accord Calder v. GGC-Baltimore, LLC,* 2013 WL 3441178, at *1-2 (D. Md. July 8, 2013); *McFeeley v. Jackson St. Entm't, LLC*, 2012 WL 5928902, at *3 (D. MD. Nov. 26, 2012); *Khan v. Cougar Stop, Inc.*, 2007 WL 2777774, at *2 (S.D. Tex. Sept. 21, 2007). Courts have denied conditional certification under Section 216(b) where named-plaintiffs merely set forth conclusory allegations and/or allegations lacking personal knowledge as to the similarity of claims of the proposed class members. *See id*.

Plaintiff's Motion self-servingly states that she has established the "similarly situated" standard "through her Complaint," which only contains allegations as to Defendant's policy of classifying exotic dancers as independent contractors and Defendant's various compensation methods for exotic dancers. (R. Doc. 10-1, pp. 7-8). Pointedly, Plaintiff fails to submit proof to support these allegations and notions. Moreover, while Plaintiff alleges in her Complaint that her putative class contains more than 300 members, (R. Doc. 1, p. 15), Plaintiff fails to identify these putative class members. This lack of evidence is fatal to Plaintiff's Motion.

In addition, the Complaint alleges that Plaintiff worked at Rick's Cabaret "from approximately February to August of 2013." (R. Doc. 1, p. 3). Thus, without further evidence,

Plaintiff does not have personal knowledge of RCI's compensation methods, other than during the time period that Plaintiff worked at Rick's Cabaret, a mere six months. *See Calder*, 2013 WL 3441178, at *2. In fact, Plaintiff admits "[o]ther members of the Plaintiff Class have, upon information and belief, worked at the Club for longer periods of time," (R. Doc. 1, p. 13), and Plaintiff seeks a class of exotic dancers who worked over the course of three years. (R. Doc. 10, p. 1). Aside from the fact that Plaintiff has not set forth any evidence of RCI's alleged class-wide FLSA violations, Plaintiff only worked approximately six months of the three year time period that she seeks to certify; stated another way, she would have no personal knowledge of any of RCI's practices or policies for the two-and-a-half years that she did not work at Rick's Cabaret. Accordingly, Plaintiff's lack of personal knowledge with regard to RCI's compensation of putative class members and her sheer speculation as to the facts provide further reasons to deny her Motion for conditional certification.[3]

Plaintiff's own pleadings set forth individualized issues of the proposed collective action claims, individualized issues which augment the bases to deny conditional certification. For example, Plaintiff alleges that the exotic dancers at Rick's Cabaret worked in various locations in the club, performing different types of dances, including "stage dances, private dances, private dances in private rooms, and table dances." (R. Doc. 1, p. 7). According to Plaintiff, the alleged payment scheme varies by type of dance. *See id*. at pp. 8-9. Plaintiff also alleges in her Complaint that the daily "minimum commission" paid by exotic dancers to Rick's Cabaret "varies each evening" and "varies depending on the time at which the employee starts her shift."

---

[3] Alternatively, if the Court finds conditional certification is appropriate, the time period for the class claims should be limited to the time period during which Plaintiff worked at Rick's Cabaret, *i.e.,* February to August 2013. (R. Doc. 1, p. 3). *See Calder*, 2013 WL 3441178, at *2-3 (narrowing class duration to time period during which named-plaintiff actually worked for defendants and thus, had actual knowledge of defendants' compensation practices and policies).

*Id*. at p. 9. Plaintiff then alleges that the so-called rent charged by Rick's Cabaret to the exotic dancers for use of the private dance rooms "varies depending on the length of the dance in the private room." *Id*. In her Motion, Plaintiff acknowledges the high turnover of exotic dancers at Rick's Cabaret, (R. Doc. 10-1, p. 5), which shows that the putative class members worked during different time periods for various, often short, lengths of time. Putting aside the disparate factors, Plaintiff's allegations show great variation in the work practices, payment methods, and work time periods for exotic dancers at Rick's Cabaret, all of which would require individualized evaluation of putative class members' FLSA claims. Such individualized claims are not appropriate for conditional certification.

### D. Plaintiff Fails to Set Forth Evidence of Putative Class Members Who Are Interested in Opting-In to the Proposed Class

Conditional certification should also be denied because Plaintiff fails to demonstrate that there exists a sizeable number of putative class members who are interested in joining the proposed class as she suggests. In order to obtain conditional certification of a class, "'[a] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit.'" *McKnight*, 756 F.Supp.2d at 805 (quoting *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1165 (D. Minn. 2007)); *accord Collins v. Barney's Barn, Inc.,* 2013 WL 1668984, at *3 (E.D. Ark. Apr. 17, 2013); *Yoakum v. PBK Architects, Inc.*, 2010 WL 4053956, at *4 (S.D. Tex. Oct. 14, 2010); *c.f. Prejean*, 2013 WL 5960674 at *6. Rather, Section 216(b) conditional certification requires a named-plaintiff to identify putative class members who are interested in opting-in to the proposed class. *See id*. In considering such evidence, affidavits from putative class members are "ideal," but at the least some other form of evidence is required. *McKnight*, 756 F.Supp.2d at 805. Concomitantly, Plaintiff must furnish more evidence than an isolated few dissatisfied

- 10 -

individuals before concluding a collective action implicating hundreds is somehow warranted as Plaintiff contends.

As noted, Plaintiff claims there are over 300 putative class members but fails to submit evidence of these putative class members who are interested in opting-in to the class. Further, in at least one recent news article, in which Plaintiff and her attorneys are quoted, putative members of Plaintiff's proposed class state that they are opposed to Plaintiff's lawsuit and that they plan to intervene in the case to "represent their right to remain independent contractors."[4] Exhibit C (Missy Wilkinson, *Stripping Away Rights?*, Gambit Weekly – New Orleans, Jan. 7, 2014). The news article also quotes a current performer at Rick's Cabaret identified as "Daisy" as stating that "we (exotic dancers at Rick's Cabaret) weren't comfortable being named in [Plaintiff's] suit," and "I have not spoken to a single person [exotic dancer for Rick's Cabaret] who is willing to become an employee." *Id*. The article reports that Daisy is one of five exotic dancers at Rick's Cabaret who plans to intervene in the present case to fight for their right to remain independent contractors. *Id*.

Thus, not only has Plaintiff failed to satisfy her burden of demonstrating putative class members who are ostensibly interested in opting-in to the class, but there is evidence showing that members of her proposed class are opposed to Plaintiff's lawsuit. Plaintiff alleges in her Complaint that she "has no interests that are antagonistic to those of the Plaintiff Class that would cause her to act adversely to the best interests of the Plaintiff Class," (R. Doc. 1, p. 17), but the statements in the news article attributed to current exotic dancers for Rick's Cabaret

---

[4] Federal Rule of Evidence 201(b) allows a district court to take judicial notice of facts reported in newspaper articles where the facts are capable of sufficiently accurate and ready determination. *See Assoc. Gen. Contractors of Am. v. City of Columbus*, 936 F.Supp. 1363 (S.D. Ohio 1996), *vacated on other grounds*, 172 F.3d 411 (6th Cir. 1999); *see also United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007*); Jackson v. Godwin*, 400 F.2d 529, 536 (5th Cir. 1968); *Kosilek v. Spencer*, 889 F.Supp.2d 190, 215 (D. Mass. 2012); *U.S. v. Tenant Healthcare Corp*., 481 F.Supp.2d 673, 680 (W.D. Tex. 2006). As discovery in this matter has not yet commenced, Defendants have not had the opportunity to depose these individuals, but upon doing so the facts from the article can be determined readily.

establish that Plaintiff's interests are, in fact, antagonistic to the putative class members. This antagonism provides yet another bar to conditional certification. In short, Plaintiff's lawsuit is the antithesis of what putative class members apparently desire.

### IV. PLAINTIFF'S PROPOSED NOTICE IS IMPERMISSIBLE AND WRONGFULLY SKEWED

Because conditional certification is not warranted, Plaintiff's request for Court-approval of her proposed class notice is moot. Alternatively, if the Court conditionally certifies Plaintiff's proposed class, Plaintiff's suggested class notice is inappropriate. The proffered notice requires revisions and modification before dissemination to putative class members.

"[A] trial court has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 486 (1989). "[T]he form and content of the notice…[are] to be approved by the Court prior to mailing in order that present and after-the-fact disputes between counsel as to form and manner of consent may be eliminated." *Kruger v. N.Y. Tel. Co.*, 1993 WL 276058, at *3 (S.D.N.Y. July 21, 1993). RCI respectfully submits that the following revisions must be made to Plaintiff's proposed class notice prior to dissemination in order for the notice to be within the bounds of the law:

#### A. The Notice Should Contain Only Neutral Information About the Case

The notice should contain only neutral statements about the case. Consistent with the directive from the Supreme Court, "the notice should set out a neutral statement of the claims and [the defendant's] answer, without any indication of the future outcome in the case." *Gayle v. United States*, 85 Fed. Cl. 72, 81 (Fed. Cl. 2008); *accord Lopez v. Bombay Pizza Co.*, 2012 WL 5397192, at *3 (S.D. Tex. Nov. 5, 2012)("[T]he proposed notice should merely provide

background information and an opportunity to join the class,…but the notice should not serve as tacit encouragement of other litigation.").

Plaintiff's proposed notice contains a number of statements which lack the requisite neutrality and thus, should be removed. All of the following statements contain biased and argumentative verbiage which must be removed and, if replaced, only with neutral, general information about the case. The Plaintiff's conclusory statements and explicitly biased language have no place in a Court-authorized notice to putative members who have not decided whether to join Plaintiff's lawsuit. These proscribed comments include:

1. "Re: You May Be Able to Join A Lawsuit for Wage Violations Concerning Rick's Cabaret."

2. "This lawsuit seeks to recover wages and damages that we contend are owed under federal law because Rick's Cabaret required dancers to tip out staff and paid no wages."

3. "The applicable federal law ("FLSA") has a two or three year deadline to file a lawsuit, depending on later decisions by the Court. If you choose not to join in this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations."

4. "I am owed by my current/former employers, RCI ENTERTAINMENT OF LOUISIANA, INC. D/B/A RICK'S CABARET and RICK'S CABARET INTERNATIONAL, INC."

5. "During the past three years, I worked as an exotic dancer at Rick's cabaret located in New Orleans, Louisiana. I did not receive an hourly wage, and I was required to pay a minimum commission and various other fines and fees when I worked."

6. "If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against RCI ENTERTAINMENT OF LOUISIANA, INC. D/B/A RICK'S CABARET and RICK'S CABARET INTERNATIONAL, INC." (R. Doc. 10-3).

- 13 -

Should the Court entertain issuance of a notice, the overt solicitation and (dubious) legal conclusions replete in the proposed notice must be excised.

### B. The Notice Should Inform Putative Class Members of the Potential Obligations Assumed by Opting-in to the Class

The notice should include a statement informing putative class members that if they opt-in to the class they will be subject to obligations involved with litigating claims, such as responding to discovery, testifying at a deposition, trial or hearing, and paying costs if they do not prevail. *See, e.g. Gayle v. United States*, 85 Fed.Cl. at 81; *Hallissey v. Am. Online, Inc.*, 2008 WL 465112, at *4-5 (S.D.N.Y. Feb. 19, 2008); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91, 99 (S.D.N.Y. 2003).  Currently, Plaintiff's proposed notice is absent of any such statement. *See* (R. Doc. 10-3).  In similar fashion, the proposed notice should inform putative class members that by opting-in to the class they will be required to produce personal documents in response to written discovery requests, including financial documents such as their tax returns, due to the nature of the alleged claims.  Correspondingly, the notice should also inform putative class members that they may be required to appear for their deposition, court hearings, and/or trial and present testimony under oath.  Finally, the notice should inform putative class members that they may be responsible for bearing the Defendant's costs of litigation if Defendant prevails in the defense of the case.

### C. The Notice Should Provide for a 60-Day Opt-In Period

The notice should provide for a 60-day opt-in period.  Currently, Plaintiff's proposed notice contains no opt-in period. *See* (R. Doc. 10-3).  Defendant's request for a 60-day opt-in period is fair to all parties and consistent with jurisprudence. *See, e.g., Gjurovich*, 282 F.Supp.2d at 101; *Lopez*, 2012 WL 5397192, at *4.

### D. The Notice Should Inform Putative Class Members of Their Right to Counsel of Their Choice and Should Not be Sent by Plaintiff's Counsel on Counsel's Letterhead

The notice should contain a statement informing putative class members of their right to hire counsel of their choosing, and the notice should not be sent from Plaintiff's counsel on Plaintiff's counsel's letterhead.  Under the jurisprudence, a Section 216(b) notice should inform putative class members of their right to counsel of their choosing.  *See Gayle,* 85 Fed.Cl. at 81; *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *7 (E.D.N.Y. Oct. 11, 2007).  Plaintiff's proposed notice improperly states: "If you choose to join this case by filing a Consent Form, your interest will be represented by the Law Office of Alexandra Mora, APLC," and "I hereby designate the Law Firm of Alexandra More to represent me in this action."  (R. Doc. 10-3).  Equally inappropriate is the fact that Plaintiff's proposed notice is drafted on Plaintiff's counsel's letterhead and is written from Plaintiff's counsel.  *Id*.  The above-quoted statements should be removed from the proposed notice and replaced with information about putative class members' right to select their own counsel.  Plaintiff's counsel's letterhead should be replaced with a neutral heading such as "Notice of Collective Action Lawsuit."  Finally, Plaintiff's counsel should not be the author or signatory of the notice.

### E. The Notice Should Not Suggest Putative Class Members are Entitled To Monetary Compensation

The notice should be absent of any suggestion that putative class members are entitled to compensation by opting-in to the proposed class.  *See, e.g., Mazur v. Olek Lejbzon & Co*., 2005 WL 3240472, at *6 (S.D.N.Y. Nov. 30, 2005).  Plaintiff's proposed notice and proposed opt-in consent form state: "This lawsuit seeks to recover wages and damages that we contend are owed under federal law," and "I hereby consent to join the lawsuit brought under the fair (sic) Labor

Standards Act, 29 U.S.C. § 201, *et seq.*, to recover compensation." (R. Doc. 10-3). All references to "wages," "damages," and "compensation" should be removed from the notice to avoid conveying or implying that Plaintiff's allegations have merit or have been adjudicated.

### F. The Notice Should Include Information on Defendant's Counsel, and Opt-In Consent Forms Should be Directed to RCI's Counsel

The notice should inform putative class members that RCI is represented by undersigned counsel and provide general information about RCI's counsel, as well as require that opt-in consent forms be sent to RCI's counsel. Plaintiff's proposed notice only contains information about Plaintiff's counsel and contact information for Plaintiff's counsel. (R. Doc. 10-3). The notice instead should contain a short statement informing putative class members that RCI is represented by counsel and the contact information for defense counsel. *See, e.g., Lopez,* 2012 WL 5397192, at *4; *Guzman,* 2007 WL 2994278, at *8; *Gjurovich,* 282 F.Supp.2d at 99. Relatedly, the notice should direct that opt-in consent forms be sent to both Plaintiff's counsel and Defendant's counsel.

### G. The Notice Should Only Be Sent to Putative Class Members Who Worked for RCI Dating Back, at Most, Two-Years From Court-Approval of the Notice

Because Plaintiff has not filed an opt-in consent form, the FLSA collective action has not yet commenced and the statute of limitations continues to run until Plaintiff files her form. *See supra* pp. 3-4. As a result, Plaintiff's request that the proposed notice be disseminated to individuals who worked as exotic dancers at Rick's Cabaret during the last three years from filing the Complaint is overly broad. The applicable class time period should instead run from the date of the Court's approval of notice, as is consistent with the jurisprudence. *See, Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369, 372-73 (E.D.N.Y. Apr. 15, 2008); *Anglada v. Linen N'Things, Inc.*, 2007 WL 1552511, at *9 (S.D.N.Y. May 29, 2007); *Gjurovich*, 282 F.Supp.2d at

98; *Searson v. Concord Mortg. Corp.*, 2009 WL 3063316, at *7 (E.D.N.Y. Sept. 24, 2009*);* *Bishop v. AT&T Corp.*, 256 F.R.D. 503 (W.D. Pa. Mar. 23, 2009); *Misra v. Decision One Mortg.*, 673 F.Supp.2d 987 (C.D. Cal. June 23, 2008); *Watson v. Travis Software Corp.*, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008).

Further, Plaintiff has not set forth any evidence that she is entitled to the three-year statute of limitations based upon willful violations of the FLSA. Hence, the scope of the notice and class definition should be limited to, at most, two-years from Plaintiff's filing of her opt-in consent form, but is more appropriately limited to the time period Plaintiff actually worked at Rick's Cabaret, February to August 2013. *See supra* p. 7, n.3.

## V. DEFENDANT IS NOT REQUIRED TO PROVIDE THE OVERREACHING INFORMATION REQUESTED BY PLAINTIFF

Plaintiff seeks an order compelling RCI to produce, within 10 days, the following information of all exotic dancers at Rick's Cabaret who performed since November 11, 2010: legal name, job title, address, telephone number, dates of employment, location of employment, date of birth, and Social Security number. (R. Doc. 10-1). RCI objects to producing this information because: (a) most of it is unnecessary to achieve the narrow purpose of providing notice of this proceeding to putative class members; (b) production of the information is overly burdensome to RCI; (c) it allows Plaintiff to circumvent the normal discovery procedures for obtaining this information; and (d) it fosters or permits improper solicitation.

The type of information now requested by Plaintiff is routinely rejected by courts at the notice stage of an FLSA collective action. *See Prejean*, 2013 WL 5960674, at *10; *Lopez*, 2012 WL 5397192, at *3; *Bredbenner v. Liberty Travel Inc.*, 2009 WL 2391279, at *3 n.3 (D.N.J. July 31, 2009*);* *Kelly v. Bluegreen, Corp.*, 256 F.R.D. 626 (W.D. Wisc. 2009); *Ritzer v. UBS Fin. Servs., Inc.*, 2008 WL 4372784, at *4 (D.N.J. 2008); *Littlefield v. Dealer Warranty Servs., Inc.*,

679 F.Supp.2d 1014, 1019 (E.D. Mo. 2010); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 215 (S.D. Oh. Aug. 31, 2011). The purpose of obtaining information at this stage of the litigation is to merely provide notice of the litigation, yet the Plaintiff's requests for job title, dates of employment, location of employment, date of birth, and social security number are totally irrelevant to locating and contacting putative class members. *See Prejean*, 2013 WL 5960674, at *10.

Further, there exist legitimate privacy issues associated with Plaintiff's desire to access the name, addresses, and telephone numbers of putative class members due to the nature of their previous or current work at Rick's Cabaret. As demonstrated by the latest news article on this case, *see* Exhibit C, the use of pseudonyms are common to protect the identities of exotic dancers. Sending notice to the homes of putative class members poses the risk of exposing putative class members as exotic dancers to family, friends and members of the general public, when the putative class members have chosen to keep the nature of their work private and, like many citizens, object to disclosure of their contact data.

For the same reasons discussed in the preceding section, the temporal scope of the information should be limited to, at the most, two-years from Court-approval of notice or just for the time period Plaintiff worked at Rick's Cabaret, February to August 2013. *See supra* p. 15.

RCI also objects to the Plaintiff's requested 10-day time period for producing the requested information. If the Court orders production of any of the requested information, a 30-day time period for production is both reasonable and consistent with jurisprudence. *See Prejean*, 2013 WL 5960674, at *10.

## VI. CONCLUSION

Based upon the foregoing reasons, Plaintiff's Motion to Proceed as a Collective Action and Facilitate Notice Under 29 U.S.C. § 216(b) (R. Doc. 10) should be denied. Plaintiff's Motion is, at best, premature because the proposed collective action has not commenced. Most significantly, the effect of arbitration clauses must be adjudicated so the Court can determine if the FAA can be brushed aside as Plaintiff suggests. In addition, Plaintiff has not overcome her burdens of proof to establish that she is similarly situated to the proposed class members and that there are the number of putative class members who are interested in opting-in to the class as posited by Plaintiff.

If the Court grants conditional certification, the class time period should be limited to the time period when Plaintiff worked at Rick's Cabaret – February to August 2013 – because Plaintiff has not demonstrated evidence or personal knowledge of compensation practices of RCI from any other time period. Plaintiff's proposed notice is deficient and impermissibly slanted. The proposed notice should be significantly revised to be neutral in tone and substance. RCI should not be compelled to produce the private information of exotic dancers at Rick's Cabaret, given the nature of the work involved with exotic dancing and because Plaintiff does not need most of the information requested in order to provide sufficient notice of the proposed class. However, it is respectfully submitted that the Court need not adjudicate the infirmities in the proposed notice because Plaintiff's request for conditional certification is defective and should be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Harry Rosenberg*
HARRY ROSENBERG. T.A. (Bar. No. 11465)
ALEXIS BUTLER (Bar. No. 32376)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
E-mail: harry.rosenberg@phelps.com
lexy.butler@phelps.com
**ATTORNEYS FOR DEFENDANT, RCI ENTERTAINMENT OF LOUISIANA, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2014, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

*/s/ Harry Rosenberg*