**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KELLY MONCHESKI** | ) | **CIVIL ACTION NO. 13-6388** |
| | ) | |
| **VERSUS** | ) | **SECTION "H"** |
| | ) | **JUDGE JANE TRICHE MILAZZO** |
| **RCI ENTERTAINMENT OF** | ) | |
| **LOUISIANA, INC., ET AL.** | ) | **MAG. DIV. (2)** |
| | ) | **JUDGE JOSEPH C. WILKINSON, JR.** |

**REPLY MEMORANDUM BY KELLY MONCHESKI TO DEFENDANT'S OPPOSITION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S.C. § 216 (B)**

**May it please the Court:**

The Defendant incorrectly asserts that Plaintiff filed its motion to conditionally certify a collective action without adequate legal or factual support. (R. Doc. 10). Specifically, the Defendant claims that the motion is premature and that the effect of arbitration clauses should be adjudicated before this Court can grant conditional certification. The Defendant further argues that Plaintiff fails to prove that she is similarly situated to the proposed class and that there is an insufficient number of putative class members interested in opting-in to the class. The Defendant alleges in its opposition a number of complaints about the proposed tone and substance of the notice and the information Plaintiff requested to give putative class members such notice. The merits in these latter claims should have no bearing on this Court's initial inquiry concerning conditional certification of this collective action.

The Defendant's opposition should be rejected because 1) the Plaintiff has shown she was similarly situated for purposes of conditional; 2) Plaintiff has met the "fairly lenient" standard for conditional certification; 3) there is sufficient evidence to show other aggrieved

employees of the Defendant may opt-in to the proposed class.  As for Defendant's claim that this case should go to arbitration, there is a factual dispute as to whether all putative class members entered into a valid, binding arbitration agreement.

A.     **Plaintiff is "Similarly Situated" for Purposes of FLSA Conditional Certification**

Plaintiff moves for conditional certification of the proposed FLSA collective action class pursuant to 29 U.S.C. § 216 (b).  As noted by both parties, courts in this circuit employ the "*Lusardi*" method for determining whether to conditionally certify a proposed FLSA class.  Under the this approach, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis: the "notice stage"; and the "decertification stage." *In re Wells Fargo & Hour Empl. Practices Litig.*, 2012 U.S. Dist. LEXIS 112769, 19 Wage & Hour Cas. 2d (BNS) 914, 2012 WL 3308880 (S.D. Tex. Aug. 10, 2012).  At the "notice stage," a court need only determine whether notice should be given to potential members of the collective action.  This determination is typically made on the basis of "only . . . the pleadings and any affidavits." *Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  Because courts typically have little evidence at this stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Id.* at 1214.  Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.  *Id.*

Accordingly, at this first stage, there must only be a showing of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry Cnty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003)

(citing *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002)); *see also Basco*, 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, *5 (quoting *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)(stating that certification is appropriate when some factual nexus binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice)). In this case, the Defendant's treatment of its employees was not unique to Plaintiff. In fact, Defendant applied blanket policies to all exotic dancers employed at Rick's Cabaret. This case does not, as argued by the Defendant, arise "from circumstances purely personal to the plaintiff," but rather, this class should be conditionally certified because the FLSA violations stem from a "generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

The Defendant asserts that courts have declined to issue certification when individualized inquiries are required to resolve claims, but its citation to *McKnight v. D. Houston* is inapposite. 756 F.Supp.2d 794, 804 (S.D. Tex. 2010). Defendant fails to mention that in *McKnight* the court found that the plaintiffs had indeed "met their light burden" by showing that other aggrieved employees of the defendant were similarly situated to the named plaintiff, a waitress at a nightclub, because other "servers and bartenders [were] subject to a common policy on withholding tip income." *Id.* at 803. Accordingly, the court granted conditional certification:

> The record is sufficient to meet the showing required at this first, conditional certification stage. It is not appropriate at this early stage to require the plaintiffs to present evidence that would be required to survive a motion for summary judgment. *See, e.g., Bouaphakeo*, 564 F. Supp. 2d at 893. Many courts have stated that putative class members need only show that they were affected by a common policy, plan, pattern, or practice to satisfy the "similarly situated" inquiry. *See, e.g., O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-CV-00085, 2006 U.S. Dist. LEXIS 86895, 2006 WL 348956, at *3 (S.D. Ohio Nov. 30, 2006) (citations omitted) ("Plaintiffs must demonstrate that the Defendants had a common policy or plan in violation of the FLSA that negatively impacted the original and opt-in Plaintiffs."). *Id.*

3

Thus, it is clear that in this case, Plaintiff alleges a pattern and practice common to all dancers employed by Defendant -- not "sporadic occurrences." *Barron*, 242 F. Supp. 2d at 1104.

**B.      There is Sufficient Evidence that Other Aggrieved Employees Want to Opt-in to the Proposed Class**

Defendant argues that there is not proof that a sizable number of putative class members wish to op-in to this lawsuit, and accordingly, there is insufficient evidence of a widespread discriminatory policy or practice. The third *Lusardi* inquiry is whether evidence shows that other aggrieved employees would want to join the class. *McKnight*, 756 F. Supp. 2d at 805. While affidavits from putative class members may be "ideal," a district court need only "satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id*. (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1568 (11th Cir. 1991))(internal quotations omitted).

In *Parker v. Rowland Express, Inc.*, the court noted that "it is conceivable that in certain circumstances, such as when an employee worked for an employer for only a short period of time, it might be appropriate to permit some discovery as to the identity of other similarly situated employees," but "an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." 492 F. Supp. 2d 1159, 1166 (D. Minn. 2007). In *Parker* the court was responding to plaintiff's argument that requiring him to proffer evidence that others desire to opt in to this litigation *before* sending notices to the potential class would put the plaintiff in the "ultimate chicken and egg dilemma." In that case, however, the court found that the length of the plaintiff's tenure at the company (five years) suggested that it was not unreasonable to require him to already know the identity of other employees that would desire to join the litigation before conditional certification is granted. This case is

distinguishable from *Parker* because, here, Plaintiff only worked at RCI for approximately 6 months. Moreover, as noted in Plaintiff's previous motion, there is a high turnover of exotic dancers at RCI (R. Doc. 10-1, p. 5). While the exact number of the potential members of the collective class members is unknown to Plaintiff at this time, and can only be ascertained through a list from the Defendant, Plaintiff believes there are over a hundred dancers in the class.

Defendant cites to a recent article where an anonymous current employee of RCI, "Daisy," claims that she, along with other unnamed dancers, oppose this lawsuit. Exhibit C. A quote in an article, published in a weekly community news magazine, is not evidence and can hardly be dispositive of the issue as to whether more of the over a hundred dancers employed by RCI over this period are likely to opt-in to the litigation. In *Parker* the court found insufficient evidence to satisfy the plaintiff's burden when he merely averred "that other potential plaintiffs may exist." 492 F. Supp. 2d at 1166. The court was concerned with provoking litigation through unwarranted solicitation. *Id.* In contrast, here it is undisputed that all RCI dancers were subject to the same unlawful treatment. In a similar circumstance, the *McKnight* court paid special notice to the plaintiff's sworn declaration and found it persuasive to the point that other aggrieved employees would want to join the collective action:

> There are a lot of people who worked for the Defendants over the last three years, and while I was there many of us would talk about (among other things) whether it was fair or legal for the club to keep money from our tips. I know there are other people affected by this policy that would be interested in knowing about this case and who would consider participating. 756 F. Supp. 2d at 805.

C.  **It is Disputed Whether All Potential Putative Class Members Entered Into Arbitration Agreements with Defendant**

Defendant maintains that all putative class members entered into arbitration agreements with Defendant, thereby depriving this Court of subject matter jurisdiction and binding Plaintiff and other potential class members to pursue their FLSA claims in arbitration. This directly

conflicts with the Defendant's assertions that Plaintiff's claims are individualized. Indeed, Defendant did subject the dancers to blanket policies, notwithstanding the inclusion of arbitration clauses in its Independent Contract Employee Manual. Exhibit B. As per her declaration (ex. 1), Ms. Moncheski maintains that she was presented with various agreements and documents throughout the course of employment. As per her affidavit, Plaintiff disputes that she ever signed the arbitration agreement. She declares that the first set of documents did not contain one, and when she refused to sign the second document that did have an arbitration clause, she was terminated.

Whether these agreements were properly entered into by RCI employees is a disputed fact and may considered on a case-by-case basis for each prospective class member. If Defendant has a purported arbitration agreement for an opt-in, the Court could consider that separately.

## D. Conclusion

At this early stage of the proceeding, Plaintiff has more than satisfied the "low burden" the law requires to show a basis for conditional certification and notice. *McKnight,* 756 F. Supp. 2d at 799. Plaintiff has produced facts from which this Court can determine the existence of similarly situated plaintiffs and the need for certification and notice of a collection action class. Thus, the Court should: (1) conditionally designate this case as a collective action; (2) order the proper identification of all entertainers who worked for Defendants during the applicable statutory period; and (3) authorize the issuance of Plaintiffs' proposed notice to be mailed to all potential opt-in plaintiffs employed by Defendants in the past three years.

                                               Respectfully submitted,

                                               /s/ Alexandra E. Mora

|  | Alexandra E. Mora (La. 23535) <br> Walter F. Wolf III (La. 21953) <br> ***The Mora Law Firm*** <br> 322 Lafayette Street <br> New Orleans, LA 70130 <br> T: (504) 566 0233 <br> F: (504) 566 8997 <br> email: amora@alexmora.com <br><br> **ATTORNEYS FOR PLAINTIFF, KELLY MONCHESKI** |
|---|---|

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

|  | */s/ Alexandra E. Mora* |
|---|---|